## TENANT'S RIGHT TO PLACE SIGNS.

Circuit Court of Cuyahoga County.

THE GOODYEAR TIRE & RUBBER COMPANY v. THE LOOMIS REALTY
COMPANY AND THE B. F. GOODRICH COMPANY.*

Decided, January 22, 1912.

*Landlord and Tenant—Sign Rights—Covenant in Lease.*

1. The right to place signs upon the outside walls of demised premises, is appurtenant to the premises and belongs to the tenant.
2. An agreement in a lease of part of a building that there shall be no signs placed on the building in the space for signs in front and except that the tenant is given the exclusive right to place its own sign on the west side of the building, is a covenant on the part of the lessor as well as a restriction upon the rights of the lessee.

*Ammerman & Thompson*, for plaintiff in error.
*Hills & Van Derveer* and *Hoyt, Dustin & Kelley*, contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

The dispute in this case is about a sign on the west wall of a building on Euclid avenue, in the city of Cleveland, owned by the defendant, the Loomis Realty Company.

The plaintiff claims the exclusive right to exhibit its sign on said wall, under the terms of its lease with the realty company; the realty company says the lease should be reformed so as to show clearly that the plaintiff is not entitled to the exclusive privilege of a sign on said wall; the defendant the B. F. Goodrich Company claims a right to maintain a sign on said west wall under an agreement with the realty company later in date than the lease of plaintiff.

Plaintiff is tenant of the westerly store rooms in the building, which is two stories high, and, without any agreement in the lease, it would have the exclusive right to place signs on the lower half of said westerly wall because it is appurtenant to the premises demised to it.    24 Cyc., 1047.

*Same judgment rendered in the Common Pleas Court, *Goodyear Rubber Co.* v. *Loomis Realty Co.*, 12 N.P.(N.S.), 433.

The Goodrich Company is tenant of storerooms further east on Euclid avenue. Having leased the westerly store to plaintiff, and plaintiff having taken possession thereof, the realty company had no right thereafter to give the Goodrich Company any sign rights on the first story of the west wall, unless it reserved said right under the terms of the lease, the important clause of which reads as follows:

"It is agreed that there shall be no signs placed on the building, except in the spaces for signs on the Euclid front and that the party of the second part may desire to have lettered in gold or silver letters on the plate glass window or doors, except that the party of the second part is given the exclusive right to place its own sign on the west side of the building occupying a space not exceeding 40 feet in depth from the front corner of the building, and the full height of the building, which wall sign may be illuminated at the expense of the party of the second part, should the second party so desire."

This language is plain and requires no construction. The first clause, "It is agreed that there shall be no signs placed on the building, except in the space for signs on the Euclid front," etc., is a covenant on the part of the lessor as well as a restriction upon the rights of the lessee, and would forbid *any* sign on the west wall, were it not for the exception in the last clause, that the plaintiff "is given the exclusive right to place its own sign on the west wall of the building," etc.

No evidence has been produced before this court that there was any *mutual* mistake in inserting said clause in the lease, and the cross-petition of the realty company, asking for reformation, is dismissed.

Plaintiff's lease is dated March 3, 1911; it entered into the possession of its store rooms April 1, 1911; about the middle of the month it painted a sign forty feet wide and two stories high on the front end of the west wall; thereafter the realty company attempted to grant sign space on the west wall to the Goodrich Company, and on May 3, 1911, somebody started to paint a sign fifty feet long and two stories high next to the plaintiff's sign.

The plaintiff immediately protested to the realty company, and two days later, it appearing that the sign would advertise the Goodrich Company, plaintiff, on May 6, 1911, requested the

Goodrich Company to remove its sign, which by that time was complete.

The Goodrich Company, while not claiming any prior contract rights, for the agreements of neither party were recorded at that time, still insisted that it should be permitted to keep its sign in place, because it spent some $150 in painting it, before plaintiff ordered it to stop.

There is no merit in this defense. The Goodrich Company, when it started to paint its sign, knew that the lower half of the west wall belonged to plaintiff, for it saw plaintiff in possession of the west store. This was notice enough of plaintiff's sign rights on the lower half of the wall, and if the realty company represented to the Goodrich Company that the plaintiff had surrendered any part of said right, the Goodrich·Company might have advised itself of the exact terms of the contract, by inquiring of plaintiff. It was apparently a trespasser on this space, and acquired no more rights to the lower half of the wall than a trespasser.

The upper half of the wall is in like case:

Seeing plaintiff's sign covering 40 feet of the upper half of the wall, the Goodrich Company was put upon notice and should have inquired of plaintiff, before painting the sign in question, what right the plaintiff had there.

No estoppel here arises; plaintiff did nothing to encourage the Goodrich Company to paint its sign, nor was it guilty of any laches which should now bar it of the relief prayed for.

Plaintiff immediately notified the lessor not to paint the sign and within three days, having found out who the aggressor was, it notified the Goodrich Company, which was reasonable dispatch in the premises.

Nor was there any waiver of rights on the part of the plaintiff.

Estoppel, laches and waiver are doctrines applied where the equities require it, but the Goodrich Company having failed to prove any legal right to maintain its sign superior to that of the realty company, growing out of lack of notice, and the realty company having convenated with regard to the matter, its covenant will be enforced.

Judgment for plaintiff as prayed for.